IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-73,797-03






EX PARTE CASEY LYNN JEFFUS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 28266 IN THE 3RD DISTRICT COURT


FROM ANDERSON COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of intoxication
manslaughter and sentenced to thirteen years' imprisonment. The Twelfth Court of Appeals affirmed
his conviction. Jeffus v. State, No. 12-06-00268-CR (Tex. App.-Tyler Oct. 24, 2007, pet. ref'd). 

 Applicant contends that his trial counsel was burdened by a conflict of interest and that trial
counsel told Applicant that there was a plea agreement for probation. Applicant has alleged facts
that, if true, might entitle him to relief. Strickland v. Washington, 466 U.S. 608 (1984); Cuyler v.
Sullivan, 446 U.S. 335 (1980). In these circumstances, additional facts are needed. As we held in Ex
parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate
forum for findings of fact. The trial court shall order Applicant's trial counsel to respond to
Applicant's claims. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07,
§ 3(d). In the appropriate case, the trial court may rely on its personal recollection. Id.

 Applicant appears to be represented by counsel. If he is not and the trial court elects to hold
a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be
represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. Tex.
Code Crim. Proc. art. 26.04. 

 The trial court shall first make findings of fact and conclusions of law as to whether trial
counsel "actively represented conflicting interests" and, if so, whether his performance was
"adversely affected" by this conflict of interest. Cuyler, 446 U.S. at 349-50. The trial court shall then
make findings of fact and conclusions of law as to whether trial counsel told Applicant that there was
a plea agreement for probation and, if so, Applicant's guilty plea was rendered involuntary. The trial
court shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claims for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. The plea papers in this cause shall
also be returned to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 




Filed: January 26, 2011

Do not publish